**Jackie STANFILL, Plaintiff—Appellant,**

v.

**Hansford T. JOHNSON, Acting Secretary of the United States Navy., Defendant—Appellee.**

No. 05–35047.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 2006.

Filed Oct. 5, 2006.

Randy W. Loun, Esq., Loun & Tyner, Bremerton, WA, for Plaintiff-Appellant.

Marion J. Mittet, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Defendant-Appellee.

Before: SCHROEDER, Chief Circuit Judge, KLEINFELD and BEA, Circuit Judges.

MEMORANDUM *

Appellant Jackie Stanfill appeals the district court's grant of the Government's

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Motion to Dismiss and/or for Summary Judgment.

■ We review *de novo* a district court's dismissal of a complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), *see Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir.2003), and grant of summary judgment. *Strahan v. Kirkland*, 287 F.3d 821, 825 (9th Cir.2002). We interpret the allegations with liberality. *See Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). We review the evidence in the light most favorable to the non-moving party. *See Balint v. Carson City*, 180 F.3d 1047, 1050 (9th Cir.1999) (en banc).

"In order to bring a claim under the Rehabilitation Act, a federal employee must exhaust available administrative remedies." *Cherosky v. Henderson*, 330 F.3d 1243, 1245 (9th Cir.2003). Properly to commence exhaustion of administrative remedies under the Rehabilitation Act, federal employees must consult an EEO counselor within 45 days of the date of the discrimination or within 45 days of the effective date of a discriminatory personnel action. *See* 29 C.F.R. § 1614.105(a); *see also Cherosky*, 330 F.3d at 1245 (holding each denial of an employee's reasonable accommodation under the Rehabilitation Act constitutes a discrete act of alleged discrimination). Accordingly, the district court correctly determined that "[o]nly [Mr. Stanfill's] claim of failure to accommodate as set forth in his February 15, 2002 letter and rejected by PSNS on March 14, 2002, and his claim that he was terminated upon his disability are exhausted administratively and properly before this court." Therefore, we affirm the district court's dismissal of Mr. Stanfill's other claims as being untimely, hence for lack of subject matter jurisdiction.

■ To establish either a claim of discrimination or a claim of failure to accommodate under the Rehabilitation Act, a plaintiff must establish he or she is disabled within the meaning of the Act. *See Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 (9th Cir.1999). Mr. Stanfill's claimed inability to work for particular supervisors due to stress caused him by those supervisors is not, however, a disability within the meaning of the Rehabilitation Act. *See Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 (7th Cir. 1996). Mr. Stanfill does not claim any other disability. Therefore, we affirm the district court's grant of summary judgment.

■ Finally, the district court possessed discretion under 28 U.S.C. § 1367(c)(3) to dismiss Mr. Stanfill's state law tort claim. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."). Therefore, we affirm the district court's dismissal of Mr. Stanfill's state law claim.

**AFFIRMED.**